JOHN QUIMBY *versus* NATHAN MORRILL.

In an action against the maker of a written contract, which he defends on the ground that the contract was without consideration, the burden of proof is upon him, if, in the writing, there are words that import a consideration.

The defendant, being called by his own counsel as a witness, and having testified in the case, the opposite party, on cross-examination, was allowed to examine him as to his *intentions* in signing the writing.

EXCEPTIONS from the ruling of TENNEY, C. J.

THIS was an action of ASSUMPSIT, in which the defendant is declared against as guarantor of a certain note described in the writ.

The note was overdue when the defendant signed the writing on the back of it, in these words:—"January 12, 1857. For value received, I hereby guaranty the payment of the within note, waiving demand and notice."

It was contended by the defendant, at the trial, that there was no sufficient consideration for the writing to render him liable to pay the note; and, on this point, testimony was offered by each party.

The defendant's counsel contended, and requested the Judge presiding to instruct the jury, that the burden of proof was upon the plaintiff, to satisfy them there was a consideration for the guaranty; but he declined to give that instruction, and ruled that the burden of proof was upon the defendant to show a want of consideration, — the words "for value received," in the guaranty, importing a consideration.

The defendant was called by his counsel as a witness, and testified. On cross-examination, this question was propounded to the witness, and allowed by the Court, against the objection of the defendant's counsel:—"Did you not intend to be bound by the guaranty when you made it?"

There was also a motion filed by the defendant's counsel to set aside the verdict, as against law and evidence.

*Fessenden & Frye*, argued in support of the exception and motion.

*Record & Walton, contra.*

GOODENOW, J., announced the opinion of the Court.

From an examination of the evidence in the case, as reported, we are of opinion that the jury were justified in finding the consideration sufficient to render the defendant liable to pay the note. *The motion to set aside the verdict must be overruled.*

The burden of proof was clearly on the defendant. And though a witness cannot, generally, testify as to his *intention* in signing a written contract, and the defendant would not have been allowed to do so, against the objection of the plaintiff, it is not for the *defendant* in this case to complain.

*Exceptions overruled.*