HENRY BECKWITH et al., Respondents, v. JAMES BRACKETT et
al., Appellants.

Defendants guaranteed, in writing, the return in six months of certain
    bonds loaned by plaintiffs to the R. I. M. Co.   The bonds not having
    been returned, and defendants, having been informed that plaintiffs in-
    tended to sue them upon the guaranty, verbally agreed that if plaintiffs
    would recover a judgment against the company, they would take an as-
    signment thereof, return to them the bonds, and pay the costs.   Plaintiffs,
    in pursuance of the agreement, immediately brought suit against the
    company, recovered and perfected judgment, and tendered a written as-
    signment thereof to defendants, and demanded a performance of the agree-
    ment, which was refused.   In an action upon the agreement, *held*, that
    it was supported by a sufficient consideration; that the performance by
    plaintiffs of the acts upon which defendants' promise was conditioned
    supplied the place of a previous promise to perform ; and that the con-
    tract was not within the statute of frauds and was valid and binding.

(Argued June 14, 1884 ; decided October 7, 1884.)

APPEAL from judgment of the General Term of the Supreme Court, in the fourth judicial department, entered upon an order made April 8, 1882, which affirmed a judgment in favor of plaintiffs, entered upon the report of a referee.

This action was brought upon a verbal agreement, which is set forth in the opinion ; the material facts are also therein stated.

*Wm. H. Bowman* for appellants.    To give effect to mutual contracts, entity of time as to their commencement, so as to bind both parties from the same point of time, is essential. (*Jenkins* v. *U. T. Co.*, 1 Cai. Cas. 94; *Livingston* v. *Rogers*, 1 Cai. 583 ; *Tucker* v. *Woods*, 12 Johns. 190; *Keep* v. *Goodrich*, id. 397.) Admitting that plaintiffs did make the necessary mutual promises orally on their part, such promises were void by the statute of frauds, and there was no consideration for the alleged promises.    (12 Johns. 190, 397; *Hague* v. *King*, 38 Barb. 200, 203; *People* v. *Beebe*, 1 id. 379 ; 5 Hill, 200 ; *Boardman* v. *Cutler*, 128 Mass. 388 ; *Wyman* v. *Mitchell*, 1 Cow. 316; *Deno* v. *Ross*, 23 Wend. 270 ; *Duffey* v. *Waunde*, 45 N. Y. 243; *Cook* v. *Millard*, 65 id. 358; *Smith* v. *N. Y. C. R. R. Co.*, 4 Keyes, 199, 200.)

*S. D. Bentley* for respondents.    The allegation of performance of the thing requested on the part of the promisee is sufficient to sustain an action on the case for damage sustained by defendants' refusal to perform. (*Briggs* v. *Tillottson*, 8 Johns. 304; *Houghtaling* v. *Randen*, 25 Barb. 21 ; *Sage* v. *Hazard*, 6 id. 179.) The agreement was valid, although not reduced to writing. (*Leonard* v. *Vredenburg*, 8 Johns. 29 ; *Mallory* v. *Gillett*, 21 N. Y. 412.) The contract was not one of sale. (Benj. on Sales, 1, §§ 1, 2; 2 Black, 446 ; 2 Kent's Com. [11th ed.] 615 ; *Keyes* v. *Harwood*, 2 C. B. 905.) A contract for the sale of a thing not *in esse* is not within the statute. (*Cook* v. *Millard*, 65 N. Y. 352; *Parsons* v. *Loucks*, 48 id. 17; *Higgins* v. *Murray*, 73 id. 252;

*Crookshank* v. *Burrell*, 18 Johns. 58; *Sewall* v. *Fitch*, 8 Cow. 215; *Parker* v. *Schenck*, 28 Barb. 38.)

RAPALLO, J. We are of opinion that the agreement upon which this action is brought was a valid special undertaking, entered into by the defendants for the purpose of discharging an obligation of their own, previously contracted; that it was supported by a sufficient consideration and was not within the statute of frauds.

The defendants had, in December, 1868, executed a written guaranty, whereby they guaranteed to the plaintiffs the return of $4,000 of United States bonds loaned by the plaintiffs, at the same time, to the Rochester Iron Manufacturing Company. In November, 1877, the bonds not having been returned by the company to the plaintiffs, and the defendants having been informed that the plaintiffs intended to sue them on their guaranty, a meeting took place, by appointment, between one of the plaintiffs and the defendants, at which meeting the defendants verbally undertook and agreed with the plaintiffs that if they would bring an action against the company for said bonds and prosecute the same to judgment, the defendants would, on the recovery of such judgment, take an assignment thereof from the plaintiffs and immediately return to them the said bonds and pay the costs and expenses of the suit.

The plaintiffs, in pursuance of that agreement, and on the same day it was made, brought their action against the company as proposed, and with due diligence recovered and perfected judgment therein against the company for $4,381.32 damages and $28.12 costs, on the 15th day of January, 1878, and on the next day tendered to the defendants a written assignment of the judgment and demanded of them the return of the bonds and the payment of the costs of the suit, which demands were refused.

Upon these facts the learned referee awarded judgment against the defendants for the value of the bonds on the 16th of January, 1878, and the costs of the action against the company, with interest.

It does not appear that the defendants disputed their liability upon their original guaranty, but if they did, the agreement of November, 1877, was valid as a settlement or compromise of a *bona fide* controversy. It is urged that no sufficient consideration was shown, inasmuch as an express promise on the part of the plaintiffs to recover and assign the judgment was not found. But to this it is a sufficient answer that the plaintiffs at once performed the acts upon which the defendants' promise was conditioned, and such performance supplies the place of a previous promise to perform. The agreement was not collateral to any obligation of the company, but was an original undertaking entered into by the defendants for their own benefit, and for the purpose of settling the claim the plaintiffs had against them on their original guaranty, and obtaining such indemnity as they could by a judgment against the company. Neither do we think it was a sale of the bonds or of the judgment. It was not a sale of the bonds, for the undertaking of the defendants was to procure their return to the plaintiffs, and we do not think it was a sale of the judgment. The recovery and assignment of the judgment were conditions merely upon which the defendants' undertaking to return the bonds depended. The return was not stipulated simply as the purchase-price of the judgment to be assigned. The facts of the case are not consistent with the theory that the defendants would have paid $4,000 in United States bonds simply to acquire a judgment for a similar amount against the company. The undertaking to return the bonds was based upon the original guaranty, and the substance of the transaction was that the defendants settled their differences with the plaintiffs by agreeing to recognize their liability under the original guaranty, and perform the same to the extent specified in the agreement of November, 1877, in consideration of the plaintiffs' going to the trouble of obtaining a judgment against the company, and assigning it to them.

The judgment should be affirmed.

All concur.

Judgment affirmed.