NEW YORK COUNTY.—HON. D. G. ROLLINS, SURRO-
GATE.—February, 1886.

BULL *v.* KENDRICK.

*In the matter of the application for probate of a pa-
per propounded as the will of* HENRY C. BULL,
*deceased.*

In the absence of evidence to the contrary, the Surrogate assumed that the
statutes of a sister state, regulating the distribution of an intestate's
personal property did not differ from those of New York.

The contestants of an alleged will of decedent, who died domiciled in the
state of Illinois, having asked for an *open* commission to examine cer-
tain witnesses there residing, in the probate proceeding, to which in-
fants, not next of kin to decedent, but who had an appearance of
interest under the disputed instrument, were parties,—

*Held,* that the latter must be deemed " adverse " parties, within the spirit
of Code Civ. Pro., §§ 893, 895, and the request be denied.

But it being subsequently shown that, under the foreign statute, those in-
fants would take a greater share in intestacy than would be possible if
the will were admitted, an open commission was allowed to issue.

CROSS applications for issuance of open commission,
and commission upon written interrogatories, in a
special proceeding instituted for the probate of dece-
dent's will.

WEEKES & FORSTER, *for Edward Kendrick, executor, proponent.*

HOPPIN & TALBOT, *for Eliza Bull, and others, contestants.*

THE SURROGATE.—The proponent of an instrument
lately offered for probate, as this decedent's will, prays
that a commission be issued for the examination, upon
written interrogatories, of its subscribing witnesses,
who reside in the state of Illinois. The objectors to

the probate of the paper propounded have appeared
upon this motion, and asked that, in case of the issu-
ance of a commission, they be granted the opportunity
for oral cross-examination of the witnesses.   The dis-
cretionary authority to permit such a course is con-
ferred upon certain courts of record by § 893 of the
Code of Civil Procedure, and the provisions of that
section are made applicable to the Surrogate's court
by § 2538.   It is provided, however, by § 895, that
this authority shall not be exercised when "the ad-
verse party is an infant."   Now, in this proceeding
for probate, four infants have been made parties.
Must they be regarded as parties "adverse" to the
applicants for oral cross-examination of the witnesses
to be examined under a commission ?

The alleged will contains this provision: "I give
and bequeath to the children of my deceased brother
Edward the sum of $1,000 in equal shares *per stirpes.*"

The infants, whose rights are here under considera-
tion, are Edward Bull's grandchildren.   Edward left
two children him surviving, both of whom are still
alive.

Now, whether the grandchildren will be entitled to
share in the above quoted bequest, in case the pro-
pounded paper shall be admitted to probate, is a ques-
tion that will not be here determined.   They have
certainly such an appearance of interest as entitles
them to be made parties to the controversy.   On the
other hand, they have no possible interest in common
with the contestants.   The decedent left a brother
and two sisters him surviving, and, as has been stated
already, two children of his deceased brother, Ed-
ward, are yet alive.

The infants are, therefore, not decedent's next of kin, and, in case his intestacy shall be established, will have no interest in his personal estate (R. S., part 2, ch. 6, tit. 3, § 75; 3 Banks, 7th ed., 2304; Doughty v. Stillwell, 1 *Bradf.*, 300; Adee v. Campbell, 97 *N. Y.*, 52). He owned no real property within the State of New York, and it does not appear that the rights of the infants, who, as his heirs at law, may be entitled in case of his intestacy to real property, situated without the State, can be in anywise affected by the result of this proceeding for probate. It is unnecessary, therefore, to consider the interest of the infants except as regards personalty.

I think that they are "adverse parties" within § 895. The contestant's application must, therefore, be denied, and that of the proponent granted.

The following opinion was filed, in the same matter, February 23rd, 1886:

THE SURROGATE.—The domicil of this decedent, at the time of his death, was in the state of Illinois. In my memorandum of February 1st, 1886, denying the application of these contestants for the issuance of an open commission to examine the witnesses whose testimony the proponents seek to obtain, it was assumed that the law of Illinois regarding the distribution of an intestate's personal estate did not differ from the law of New York.

I accordingly held that, as the infants who would benefit by the admission to probate of the paper propounded as this decedent's will, would be excluded

from sharing in his estate in case probate should be denied, they are "adverse parties" to the contestants, and that, by § 895 of the Code of Civil Procedure, I was precluded from issuing an open commission. It appears, from the proof submitted upon re-argument, that the infants in question will, in case the decedent shall be found to have died intestate, be entitled to a distributive share of the estate which will exceed the amount to which they will be entitled if the will is upheld. Under these circumstances, I think that an open commission may properly be granted. An order may be entered accordingly.