JAMES MACLAREN, Respondent, *v.* EMELINE A. PERCIVAL Appellant.

*Court of Appeals, April* 27, 1886.

*Mortgage. Consideration.*—A mortgage executed by a wife upon her own real property, and delivered by her to her husband, who used it as collateral security to procure an extension of time on certain notes given by his firm, is based upon a sufficient consideration, and is valid, in the absence of proof that the mortgage was diverted from the purpose for which it was intended.

Action brought to foreclose a mortgage executed by Daniel G. Percival, and Emeline A. his wife, upon real estate owned by the latter.

Appeal from a judgment of the general term of the supreme court, reversing judgment for defendant entered on the report of a referee.

*James Spencer*, for appellant, Emeline A. Percival.

*J. Sanford Potter,* for respondent, James Maclaren.

PER CURIAM.—The appellant claims that there was no consideration for the mortgage in question, and relies upon the evidence, which shows that the defendant had no knowledge of the purpose and object of the mortgage at the time of its execution, and that the mortgage was delivered as collateral security for the payment of a past indebtedness. Appellant further claims that she was a mere guarantor, and that a contract of guaranty must be supported by a sufficient consideration. The respondent's counsel insists that the consideration was the extension of the time of payment, on the day of the receipt of the mortgage, upon three of the fifteen notes which had been given by the firm of which defendant's husband was a partner. The referee found that these notes were made and delivered on the 16th of October, 1878. The evidence shows a receipt of these notes, bearing date of the 28th of December, 1878, signed by the plaintiff ; and just preceding the signature was a memorandum to the effect that the time of the payment of the three notes was extended. It would thus seem that the time of payment was extended on the date, of the receipt, and of the giving of the mortgage, and the proof shows that the extension was given upon the execution and delivery of the mortgage. Another instrument attached to the said receipt shows a large indebtedness to the plaintiff at the time, and that the mortgage was received as collateral security for the payment of the notes named. The two writings must be read together as forming one agreement, and may be interpreted as containing a recital that the time was extended in consideration of the collaterals mentioned in the last receipt, which was annexed. This was a good consideration for the execution of the mortgage. The creditor was to be benefited, and the debtor placed to some inconvenience, by the extension of the time of payment of the three notes. This question, however, is fully discussed in the opinion of the general term by

LEARNED, J., and therefore it is not necessary to enlarge upon the subject.

There was no proof that the mortgage was diverted from the purpose for which it was intended. The defendant was not told the purpose for which it was to be used, and hence it could not have been used for a different purpose than that for which she was told it was intended. There is no ground for claiming that there was no valid or legal delivery of the mortgage to the plaintiff. The defendant allowed her husband to take it, evidently to do with it as he pleased, and he had a right to deliver it to the payee named therein for the purpose for which it was executed.

The presumption is that the notes, for which the mortgage was executed as collateral, had not been paid, and the burden of proof was on the defendant to show otherwise, if such was the fact.

The order of the general term should be affirmed, and judgment ordered for the plaintiff, upon the stipulation, with costs.

All concur.