## HAYES *v.* HOOD.

*(Supreme Court, General Term, Fifth Department. June 20, 1890.)*

**1. GUARANTY—CONSIDERATION—EVIDENCE.**

In an action against a married woman on an instrument reciting that, **"for value received,"** defendant guarantied the payment to a certain bank of all the debts of her husband, defendant is not entitled to go to the jury upon the question of con-

sideration merely upon evidence that on the day the guaranty·was executed the husband did not receive any money or notes from the said bank.

**2. SAME.**

A promise, made at the time the guaranty was given, that outstanding notes of the husband should be renewed as they fell due, is a sufficient consideration for the guaranty to support an action against defendant on such renewal notes.

Motion for a new trial on exceptions.

Action by Frank M. Hayes, receiver of the First National Bank of Auburn, N. Y., against Mary E. Hood. Judgment was given for plaintiff.

Argued before DWIGHT, P. J., and MACOMBER and CORLETT, JJ.

*M. H. Briggs,* for plaintiff.    *C. C. Aiken,* for defendant.

MACOMBER, J.    This action is upon a written guaranty executed by the defendant in the following words: "AUBURN, N. Y., December 15, 1885. For value received, I hereby guaranty the payment to the First National Bank of Auburn of all debts and liabilities to it, now and hereafter, of Peter Hood and Son, and Peter Hood, of every name and nature, whether as principal, surety, or otherwise; and I hereby charge my separate estate with the payment as above." The defense to a recovery upon this instrument is that the same was executed without consideration. At the close of the evidence, the counsel for the defendant asked to go to the jury upon the question of such consideration, which was denied him, and an exception was duly taken. The words in this guaranty, "for value received," are sufficient *prima facie* evidence of a consideration. *Quimby* v. *Morrill,* 47 Me. 470. It was incumbent, therefore, upon the defendant to defeat the case so made by the production of the instrument itself, by affirmative evidence, if any existed. The evidence relied upon for that purpose is the testimony of Peter Hood, the husband of the defendant, the only part of which bearing upon this question is to the effect that the firm of P. Hood & Son did not have discounted at the bank of which the plaintiff is the receiver any notes on December 15, 1885, the date of this written guaranty, nor did they, or either of them, receive any money or note from the bank on that day. This evidence is not sufficient to overcome the written instrument, for it merely shows that, on the day of the date of the guaranty, no consideration of the kind mentioned by the witness was received by any party. But this was not enough. It was necessary for the defendant to show that there was no consideration, either at the time of the execution of the instrument; or prior or subsequent thereto, which would support the promise. The absence from the witness stand of the defendant herself is doubtless, in this instance, of not much importance on this question, because her business was conducted almost entirely by Peter Hood as her agent. But the witness relied upon fails to say that there was no consideration for the guaranty, nor does he relate facts for the consideration of a jury from which such a conclusion could be intelligently derived.

Though this action is brought, not upon the promissory notes outstanding at the time of the execution of the guaranty, but upon those that were executed subsequently in renewal of the previous notes, yet the case discloses with reasonable certainty the fact that the guaranty was asked for and given with the understanding on the part of the cashier of the bank and of Peter Hood that the several notes should be renewed from time to time as they should fall due. Such a promise would be amply sufficient to support the guaranty, provided the same, as was done in this case, was actually carried into effect. *Beckwith* v. *Brackett,* 97 N. Y. 52; *Maclaren* v. *Percival,* 102 N. Y. 675, 6 N. E. Rep. 582.

On the whole, we are of the opinion that there was no question of fact for the jury, and that the verdict was properly directed by the court. The motion for a new trial should be denied, with costs, and judgment ordered for the plaintiff on the verdict. All concur.