(43 App. Div. 494.)

### GREENE v. ODELL et al.

(Supreme Court, Appellate Division, Second Department. October 3, 1899.)

1. GUARANTY—FORM—SUFFICIENCY.
   A guaranty, indorsed on the back of a bond, secured by a mortgage, in the following words, "For value received, I guaranty the payment of the within bond," is sufficient in form to charge the guarantor with liability.

2. SAME—CONSIDERATION.
   An agreement by a mortgagee to forbear the enforcement of interest as it should fall due on a bond secured by the mortgage, followed by actual forbearance, is a good consideration for a guaranty by a third person of the payment of the bond, though foreclosure might have been begun the day after execution of such guaranty.

3. SAME—LIABILITY OF GUARANTOR.
   The guarantor becomes liable under such agreement for any deficiency which may arise in the event the mortgaged property is not sufficient to pay the debt, interest, and costs.

Appeal from special term, Dutchess county.

Action by Oliver A. Greene against Henry Odell and Kate E. Howe Odell, his wife, and Irving Ireland, for the foreclosure of a mortgage, and to charge defendant Kate E. Howe Odell as guarantor of the payment of the bond which the mortgage secured. There was a judgment in favor of plaintiff, and defendants appeal. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

A. M. & G. Card, for appellants.
Charles A. Hopkins, for respondent.

HATCH, J. This action is brought for the foreclosure of a mortgage, and also to charge the defendant Kate E. Howe Odell as a guarantor of payment of the bond which the mortgage accompanied and for which it was collateral security. The mortgagor executed the bond and mortgage in April, 1893, and subsequently married Kate E. Howe. On May 1, 1896, Odell was in default for the payment of interest, and upon that date he gave his note for $90. On January 4, 1897, the plaintiff demanded additional security, as the note was unpaid and the interest was accumulating. Thereupon the defendant Kate E. H. Odell executed a guaranty, indorsed upon the back of the bond, in the following words:

"For value received, I guaranty the payment of the within bond.
"Dated January 4th, 1897.                                    Kate E. H. Odell.
"Witness:  J. H. Odell."

The agreement upon the part of the mortgagor for the execution of this contract was to forbear the enforcement of the interest as it fell due upon the bond and mortgage, and after its execution no interest was paid thereon except the sum of $50, and the matter thus remained until the commencement of this action, in February, 1899. The contract in form was sufficient to charge the defendant Kate E. H. Odell with liability. Smith v. Northrup, 80 Hun, 65, 29 N. Y. Supp. 851, affirmed in 145 N. Y. 627, 40 N. E. 165; Miller v. Cook, 23 N. Y. 495; Hayes v. Hood (Sup.) 10 N. Y. Supp. 265. The cases relied upon by the appellants, such as Drade v. Seaman, 97 N. Y. 230, and others, are without application. They simply held insufficient the contracts then under consideration, which failed to express the consideration or to indicate to whom the promise was made. It is not necessary that the consideration should be set out at length. Daniel, Neg. Inst. §§ 1766, 1767. In the present case the guaranty recites the consideration, refers to the instrument to which the guaranty applies, and resort may therefore be had to it to construe the guaranty. When such resort is had, the instrument of guaranty becomes perfect as a contract, within the statute of frauds.

The agreement to forbear, followed by actual forbearance, became a good consideration, even though foreclosure of the mortgage might have been begun the day after execution. Strong v. Sheffield, 144 N. Y. 392, 39 N. E. 330; Porter v. Thom, 30 App. Div. 363, 51 N. Y. Supp. 974. By the terms of her contract, the defendant Kate E. Howe Odell obligated herself to pay the amount secured by the bond and mortgage, in consequence of which she becomes liable for any deficiency which may arise in the event the mortgaged property does not sell for sufficient to pay the debt, interest, and costs. The judgment was therefore right in fixing her liability therefor.

It should be affirmed. All concur.