The plaintiff, upon the conceded facts of this case, must be regarded, in law, a bona fide holder, for value, of the note upon which this action is brought. I do not deem it important to inquire, in this case, whether the receipt of the note in suit by the plaintiff, and the surrender to Agnew of his note, to take up which this note was received by the plaintiff, was, under the facts, as found by the referee, a discharge and satisfaction, or payment, of the debt of which the note surrendered by the plaintiff was the evidence. The general rule of presumption, it seems to me, should be, that the plaintiff intended to relinquish his claim evidenced by Agnew's note, and take this note of Coman in its stead, or in payment or discharge of such demand.
The giving up to Agnew of his note, and taking the note in suit for it, according to every rule of presumption known to the law, is evidence of the intention of the parties to cancel the note. If, however, it did not discharge the pre-existing debt, it certainly operated to cancel the negotiable paper of the plaintiff; and this, as I understand the law, is parting with value sufficient to constitute the plaintiff a bona fide holder of this note.
This was expressly held in the case of Youngs v. Lee (18 Barb. 187, 191, 192), and affirmed in this court (2 Kern. 551). Judge WELLES, in delivering the opinion of the Supreme Court in that case, very justly remarks, that, "admitting the plaintiff could have recovered against Bell Goodman the amount of the note surrendered, under the facts stated, it does not follow that they have parted with nothing of substantial value. Their demand against Bell Goodman, in the shape of negotiable bank *Page 442 
paper, was better and more available, on many accounts, than if it remained in an open, unliquidated account." This case was affirmed, as we have already said (2 Kern. 551); and the head-note, which is an accurate statement of what the case decides, is as follows: "Where the owners of a note, due in a few days, which was deposited for collection with the bank where it was payable, withdrew it from the bank and surrendered it to the maker on receiving from him his note, payable in three months, indorsed by a third person — Held, that they were holders of the note last named, for value, to the amount of the note surrendered."
The same rule was affirmed in the Supreme Court, in the case ofThe Bank of Salina v. Babcock (21 Wend. 499), in which it was held, that, "where a bank receives and discounts negotiable paper, places the proceeds to the credit of the holder, and charges the avails over against him, and cancels the other notes, upon which are responsible parties, but which notes are overdue and lie under protest, such cancellation is equivalent to paying value at the time, and precludes all defense existing as between the original parties;" and Judge NELSON, in delivering the opinion of the court, says: "The court ought not to speculateabout the probability of reviving these canceled securities, incase the paper upon the strength of which they were canceled
should turn out to be unavailable. Much less ought we to go into the chances of revival, as a ground of defeating a substituted security." He adds: "It is enough that the plaintiffs, in good faith, charged over and canceled them, according to the usage, and held them merely to be sent home. This is parting with value, in the strictest sense of the term. The plaintiffs had a right to give up the old securities, upon the faith of the new paper; and they have done an act that is equivalent and so intended."
The case of Saunders v. Day (31 N.Y. 113) holds that if the note was received in payment, the plaintiff is a bona fide
holder.
There is another view which may be taken of this case, which to my mind shows conclusively that the plaintiff parted with value in surrendering up Agnew's note, which *Page 443 
was past due, and taking this note in suit, made by the defendant, in its stead, and which had six months to run before it was due.
The law is well settled that the acceptance of such a note, on time, though not received as an absolute payment of the original debt, suspends the right of action on the original debt until the note becomes due, or is dishonored. (Putnam v. Lewis, 8 Johns. 389; 5 Term, 513; Edwards on Bills and Promissory Notes, 197, 199, 200; 1 Bing. 100.) The debt from Agnew to the plaintiff being due, and the plaintiff, at the time of surrendering the old note, having the right to enforce its payment presently, and which right he relinquished by receiving the note in suit, and his power to collect the original debt from Agnew being suspended until the note in suit should mature, he certainly parted with value, which constitutes a sufficient consideration to make the plaintiff a bona fide holder of the note in suit. (Burns v.Rowland, 40 Barb. 369.) It is true the plaintiff had Agnew's indorsement upon the note in suit, but this was only a contingent liability at the end of six months, and the plaintiff was bound to protest the note to charge him. (Jones v. Savage, 6 Wend. 645; 7 Mass. 286; 7 Vt. 549; Edwards on Bills and Notes, 197, 198.)
I will, without further consideration or reference to authorities, only say, that I am entirely satisfied that both upon principle and authority the plaintiff, upon the facts found by the referee in this case, must be regarded as a bona fide
holder for value of the note upon which this action is brought. It follows that the judgment of the Supreme Court should be reversed and a new trial granted, costs to abide the event, which I advise to be done.
All the judges concurring,
Judgment reversed. *Page 444