By the Court.—Leonard, Com.
The plaintiff delivered his flour to a fraudulent purchaser. He rily surrendered his possession under the color of a sale. As between vendor and purchaser, the contract of sale was voidable at the option of the vendor, but it was not void. •
The purchaser could sell the flour, and make a valid title as against the plaintiff, to a bona fide purchaser ; that is, to a purchaser without notice of the fraud by which the flour was purchased from the plaintiff, or reason to suspect it, and who paid a present and sufficient consideration. There was evidence tending to prove that the defendant was such a purchaser, and the fact has been so found, as it must be assumed.
This is conclusive, unless there is some indisputable fact which in law requires a different conclusion.
The plaintiff urges that the defendant did not part with or pay such a consideration as brings him within the class of bona fide purchasers entitled ■ to hold *373 against a vendor where the property has been obtained through a fraudulent sale.
The facts in regard to the consideration paid by the defendant, are, that he held the promissory note of the alleged fraudulent purchaser, given to him for money loaned, equal in amount to the value of the flour. He purchased the flour, and gave up the note in payment of the price. This payment made the purchase by the defendant valid against the plaintiff, so far as the consideration bears upon the bona fide character of the transaction (Youngs v. Lee, 12 N. Y. [2 Kern.] 551; Pratt v. Coman, 37 N. Y., 440).
The plaintiff relies on the case of Spraights v. Hawley, 39 N. Y., 441, and other cases of a like tenor, to establish his right to recover the flour, or defeat the title of the defendant.
The cases cited do not cover the principle involved. The mortgagee in the case cited had not voluntarily. surrendered his lien, nor put another in possession of the property. Mere possession of personal property is not such indicia of ownership as will protect a bona fide purchaser for value.
The possession of an agent or bailee who'has no power of sale from the owner, or the possession of a thief, will not enable a purchaser to obtain any title, howevér fair-the price paid, or free from reason to doubt the right of such possessor to make the sale.
The consent of the owner to part with the possession of his merchandise, although fraudulently obtained, enables his vendee to give a good title to a purchaser, who will be entitled to protection, if his transaction is bona fide.
The judgment should be affirmed with costs.
All the commissioners concurred, except Lott, Oh. Com., who did not vote.
Judgment affirmed, with costs.