ALBERT W. NICKERSON et al., Respondents, v. EMIL RUGER et al., Appellants.

Plaintiffs, in good faith and without notice of any equities, received from the payee, in exchange for two promissory notes which they surrendered absolutely and unconditionally, a note made by defendants. In an action thereon, *held*, that the plaintiffs were *bona fide* holders for value and so that it was no defense that the note was executed for the accommodation of the payee and had been fraudulently diverted from the use intended.

(Argued March 16, 1881 ; decided March 25, 1881.)

THIS was an action upon a promissory note for $3,325 executed by the defendants to one Taylor, dated June 21, 1875, payable four months after date. The defendants claimed that the note was given by them to Taylor, without any value, for a special purpose, that it was wrongfully and fraudulently diverted by Taylor, and that the plaintiffs are not *bona fide* holders for value.

The case is reported on a former appeal in 76 N. Y. 279.

The facts are substantially as follows : Some time prior to June the firm of Lambert & Hitchcock had furnished certain supplies to vessels owned by Taylor, and for such supplies Taylor had given them two notes each for $1,500. Those notes that firm had indorsed and transferred for value to the plaintiffs. Taylor did not meet them at maturity, and Lambert & Hitchcock obtained from him the note in suit, which he indorsed to them ; and they delivered it to the plaintiffs, who in consideration thereof surrendered to them the two notes. The surrender of the notes was absolute and unconditional, the plaintiffs retaining no interest therein. Lambert & Hitchcock retained a lien upon the vessels for the supplies for which the two notes were given, and they obtained the notes from plaintiffs that they might surrender them up and enforce their liens. They subsequently collected some money in the proceedings to enforce such liens, and such money they paid over to the plaintiffs to apply upon the note in suit, and all they paid to the plaintiffs was so applied; plaintiffs' recovery was for the amount of the note, less payments thus made, and less the sum of $325, the difference between the amount of the note and the two notes surrendered up when plaintiffs took it.

The court say: "This, then, is a case where the plaintiffs took defendants' note in good faith, without any notice of the defendants' equities, and for value parted with at the time; and hence the alleged diversion of the note furnishes no defense."

*Samuel Hand* for appellants.

*John A. Deady* for respondents.

EARL, J., reads for affirmance.
All concur, except RAPALLO, J., absent.
Judgment affirmed.