BENJAMIN B. STRONG, Appellant, *v.* LOUISA A. SHEFFIELD, Respondent.

*It seems,* where a creditor, whose demand is due, is requested by his debtor to extend the time of payment, and a third person undertakes, in consideration of forbearance being given, to become liable as surety or otherwise, and the creditor, although he enters into no enforcible agreement, does in fact forbear for a reasonable time in reliance upon the undertaking, this furnishes a good consideration for the collateral agreement.

In an action against defendant as indorser of a note payable on demand, given by the maker to plaintiff to secure an antecedent indebtedness, it appeared that there was no request for forbearance, but plaintiff, as he testified, agreed that he would not pay the note away, or put it in bank for collection, but would hold it until such time as he wanted the money, and would then make demand for it, and upon this defendant, at the maker's request, indorsed the note. *Held,* that the evidence failed to disclose any consideration for the indorsement.

Reported below, 66 Hun, 349.

(Submitted December 17, 1894; decided January 15, 1895.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made December 12, 1892, which reversed a judgment in favor of defendant, entered upon a verdict, and also affirmed an order denying a motion for a new trial.

This was an action upon a promissory note.

The facts, so far as material, are stated in the opinion.

*Cornelius E. Kene* for appellant. The motions for dismissal of the complaint were properly denied and the questions of fact were properly submitted by the trial justice to the jury. (1 Pars. on Cont. 245, 440; *King* v. *Upton,* 8 Greenl. 387; *Elting* v. *Vanderling,* 4 Johns. 237; *Muirhead* v. *Kirkpatrick,* 21 Penn. St. 237; *Coulter* v. *Richmond,* 59 N. Y. 47; *McNaught* v. *McClaughty,* 42 id. 22; *Meyer* v. *Hibsher,* 47 id. 265.)

*Martin J. Keogh* for respondent. The evidence of plaintiff shows that no extension of credit was contemplated by

him.   His agreement was that he was not to sue the debtor until such times as he wanted money.   He wanted a paper on which he could sue at once, if he chose to do so.   There can be no recovery on this instrument, therefore, as to Louisa A. Sheffield, as there is no pretense of any consideration as to her.   (*H. R. Bank* v. *Meyer*, 16 N. Y. Supp. 872 ; Laws of 1884, chap. 381; *Hendricks* v. *Isaacs*, 117 N. Y. 411.)   The evidence does not show any agreement between plaintiff and defendant, Louisa A. Sheffield, whereby plaintiff was to forbear for a time proceedings to enforce his claim on the antecedent debt against the husband.   The duration of the alleged forbearance was left wholly uncertain, and was such as could be of no benefit to the debtor or detriment to the creditor.   (*Jones* v. *Ashburnham*, 4 East, 455 ; *Nelson* v. *Serle*, 4 M. & W. 795 ; *Bixler* v. *Ream*, 3 P. & W. 282; *Rix* v. *Adams*, 9 Vt. 233.) The terms of the note cannot be varied by parol.   The claim that an instrument which can by its terms be sued upon immediately, creates a barrier, upon which no suit can be brought for a time certain, is absurd.   (*Bunnell* v. *E. L. Co.*, 3 N. Y. Supp. 591.)   Plaintiff does not pretend that he ever requested defendant to indorse the note, or that she ever requested him not to sue her husband.   He called the husband to prove what agreement took place between husband and wife.   The agreement, even if it was material, was void.   (Laws of 1884, chap. 381; *Hendricks* v. *Isaacs*, 117 N. Y. 411.)   The plaintiff does not occupy the position of a *bona fide* holder of the note, who received the same before maturity for value.   (*Peck* v. *Burwell*, 48 Hun, 471; Story on Prom. Notes, § 190 ; *P. Bank* v. *Bach*, 30 Hun, 351 ; *Stalker* v. *McDonald*, 6 Hill, 93.)   Plaintiff being the payee of the note and the first indorser thereon, he can sue all prior parties, but cannot sue a subsequent indorsee.   The motion to dismiss on this ground, at the close of plaintiff's case, should have been granted ; and the reversal of the order refusing to grant it was correct. (Daniel on Neg. Inst. § 1202 ; *Bacon* v. *Burnham*, 37 N. Y. 614.)   Defendant is sued, not as a maker, but as an indorser. There must be a demand and notice to hold her as an indorser.

The notary admits he made no demand. Hence his notice of protest, even if it had been received by mail, is not available for any purpose, and defendant is not liable. (*Warwick* v. *Crane*, 4 Den. 450 ; *Meise* v. *Newman*, 76 Hun, 341.)

Andrews, Ch. J. The contract between a maker or indorser of a promissory note and the payee forms no exception to the general rule that a promise, not supported by a consideration, is *nudum pactum*. The law governing commercial paper which precludes an inquiry into the consideration as against *bona fide* holders for value before maturity, has no application where the suit is between the original parties to the instrument. It is undisputed that the demand note upon which the action was brought was made by the husband of the defendant and indorsed by her at his request and delivered to the plaintiff, the payee, as security for an antecedent debt owing by the husband to the plaintiff. The debt of the husband was past due at the time, and the only consideration for the wife's indorsement, which is or can be claimed, is that as part of the transaction there was an agreement by the plaintiff when the note was given to forbear the collection of the debt, or a request for forbearance, which was followed by forbearance for a period of about two years subsequent to the giving of the note. There is no doubt that an agreement by the creditor to forbear the collection of a debt presently due is a good consideration for an absolute or conditional promise of a third person to pay the debt, or for any obligation he may assume in respect thereto. Nor is it essential that the creditor should bind himself at the time to forbear collection or to give time. If he is requested by his debtor to extend the time, and a third person undertakes in consideration of forbearance being given to become liable as surety or otherwise, and the creditor does in fact forbear in reliance upon the undertaking, although he enters into no enforcible agreement to do so, his acquiescence in the request, and an actual forbearance in consequence thereof for a reasonable time, furnishes a good consideration for the col-

lateral undertaking. In other words, a request followed by performance is sufficient, and mutual promises at the time are not essential, unless it was the understanding that the promisor was not to be bound, except on condition that the other party entered into an immediate and reciprocal obligation to do the thing requested. (*Morton* v. *Burn*, 7 A. & E. 19; *Wilby* v. *Elgee*, L. R., 10 C. P. 497; *King* v. *Upton*, 4 Maine, 387; Leake on Con. p. 54; Am. Lead. Cas. vol. 2, p. 96 *et seq.* and cases cited.) The general rule is clearly, and in the main accurately, stated in the note to *Forth* v. *Stanton* (1 Saund. 210, note *b*). The learned reporter says: " And in all cases of forbearance to sue, such forbearance must be either absolute or for a definite time, or for a reasonable time; forbearance for a little, or for some time, is not sufficient." The only qualification to be made is that in the absence of a specified time a reasonable time is held to be intended. (*Oldershaw* v. *King*, 2 H. & N. 517; *Calkins* v. *Chandler*, 36 Mich. 320.) The note in question did not in law extend the payment of the debt. It was payable on demand, and although being payable with interest it was in form consistent with an intention that payment should not be immediately demanded, yet there was nothing on its face to prevent an immediate suit on the note against the maker or to recover the original debt. (*Merritt* v. *Todd*, 23 N. Y. 28; *Shutts* v. *Fingar*, 100 id. 539.)

In the present case the agreement made is not left to inference, nor was it a case of request to forbear, followed by forbearance, in pursuance of the request, without any promise on the part of the creditor at the time. The plaintiff testified that there was an express agreement on his part to the effect that he would not pay the note away, nor put it in any bank for collection, but (using the words of the plaintiff) " I will hold it until such time as I want my money, I will make a demand on you for it." And again: "No, I will keep it until such time as I want it." Upon this alleged agreement the defendant indorsed the note. It would have been no violation of the plaintiff's promise if, immediately on receiving

the note, he had commenced suit upon it. Such a suit would have been an assertion that he wanted the money and would have fulfilled the condition of forbearance. The debtor and the defendant, when they became parties to the note, may have had the hope or expectation that forbearance would follow, and there was forbearance in fact. But there was no agreement to forbear for a fixed time or for a reasonable time, but an agreement to forbear for such time as the plaintiff should elect. The consideration is to be tested by the agreement, and not by what was done under it. It was a case of mutual promises, and so intended. We think the evidence failed to disclose any consideration for the defendant's indorsement, and that the trial court erred in refusing so to rule.

The order of the General Term reversing the judgment should be affirmed, and judgment absolute directed for the defendant on the stipulation, with costs in all courts.

All concur, except Gray and Bartlett, JJ., not voting, and Haight, J., not sitting.

Ordered accordingly.