HELEN W. BACON, Respondent, *v.* SARAH L. HEYWOOD, Appellant.

(New York Superior Court— General Term, January, 1895.)

The surrender of notes to the indorser thereof before they become due is a sufficient consideration for notes to the same amount made and delivered by such indorser in exchange therefor.

APPEAL by defendant from judgment rendered in favor of plaintiff at Equity Term.

*W. W. Hewitt*, for appellant.

*Welch & Daniels*, for respondent.

McADAM, J.    The action was to foreclose a mortgage made by the defendant to the plaintiff to secure two promissory notes, one for $3,500, dated July 1, 1893, and payable one year after date, and the other, dated the same day, to secure $5,000, two years after date, both being drawn by the defendant to the order of the plaintiff.

The defendant in her pleading admitted the execution and delivery of the notes and mortgage in suit, but alleged that they were executed and delivered by her without consideration; and, for a further defense, alleged facts tending to show that the plaintiff had imposed upon the defendant and fraudulently and without consideration induced her to execute and deliver the notes and mortgage aforesaid, and prayed, by way of affirmative judgment, that the same may be adjudged void and directed to be surrendered up and canceled.

The trial judge, at the request of the defendant, found " that the two promissory notes and the mortgage given to secure the same were executed and delivered by the defendant to the plaintiff in substitution and exchange for three several promissory notes theretofore made by one Robert R. Heywood and C. H. G. Maschmedt, and indorsed by her, for the aggregate sum of $8,500, payable to the order of and held by the plaintiff, and which notes were not then due." He also found, upon like request, " that the surrender by the plaintiff to the defendant, Sarah L. Heywood, of the said three several promissory notes so indorsed by her was the sole consideration for the notes and mortgage."

The facts so found at defendant's request show affirmatively that the plaintiff parted with valuable securities on the faith of the two notes and mortgage in suit, and thereby became a holder thereof for value within the meaning of the authorities. *Youngs* v. *Lee*, 12 N. Y. 551; *Day* v. *Saunders*, 1 Abb. Ct. App. Dec. 495; *Brown* v. *Leavitt*, 31 N. Y. 113; *Pratt*

v. *Coman*, 37 id. 440 ; *Park Bank* v. *Watson*, 42 id. 490 ; *Chrysler* v. *Renois*, 43 id. 209 ; *Paddon* v. *Taylor*, 44 id. 371 ; *Clothier* v. *Adriance*, 51 id. 322 ; *Bank* v. *Crow*, 60 id. 85 ; *Nickerson* v. *Ruger*, 84 id. 675.

We find nothing in the findings or evidence which militates against the rule stated or tends to render it inapplicable. The findings referred to having been at the request of the defendant, are conclusive against her on this appeal. *Bank* v. *Gove*, 57 N. Y. 597.

It follows that the judgment appealed from must be affirmed, with costs.

FREEDMAN and GILDERSLEEVE, JJ., concur.
Judgment affirmed, with costs.