PORTER v. THOM et al.

(Supreme Court, Appellate Division, Second Department. May 24, 1898.)

1. INDORSEMENT OF NOTE—CONSIDERATION.
    An agreement to forbear the collection of a debt presently due is a good consideration for the indorsement of a note securing it by a third person, even though such note be payable on demand.
2. SAME—NOTICE OF DEMAND—WAIVER.
    Proof that, on demand by the payee, the indorser of a demand note paid the interest, is insufficient to establish a waiver of notice of demand and nonpayment by the principal, and a promise by the indorser to pay it.

Appeal from trial term, Kings county.

Action by David C. Porter against Julia S. Thom, impleaded with another. Verdict for plaintiff, and, from judgment entered thereon, defendant Julia S. Thom appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

George G. Reynolds, for appellant.
Albert G. McDonald, for respondent.

HATCH, J. The plaintiff by this action seeks to charge the defendant with liability, as indorser, upon a promissory note, which reads as follows:

"Brooklyn, Sept. 22nd, 1890.

"On demand, I promise to pay, to the order of David C. Porter, eight hundred and fifty dollars, with interest at the rate of 5 per cent. per annum, for value received.
"$850.00. John C. Thom."

This note was given by the defendant John C. Thom, and indorsed by his wife, Julia, to take the place of a demand note made by John C. Thom of the same amount. The negotiations which led to the indorsement of the note by Julia S. Thom were in writing, and constituted the contract between the parties thereto. In the letter written by the plaintiff to Julia he recites the fact of the previous loan to John, and states that when he made the loan, some 14 months before, he did not anticipate that John would want it for over a year; "but, as he wishes the loan extended, * * * I have no objection to its continuance, provided he has his note indorsed by you, and if, while in force, he desires to reduce the amount by payment on account, I am willing to accept the same." The defendant Julia, in

answer to this letter, wrote: "In regard to the note, I am perfectly willing to put my signature to it, as I have every confidence in Jack and his ability to pay it in the near future." The agreement was followed by the surrender of the old note, and the acceptance of the new note, indorsed by Julia.

Such surrender and acceptance were a sufficient consideration for the indorsement. Pratt v. Coman, 37 N. Y. 440; Hand v. Dinniny, 85 Hun, 380, 32 N. Y. Supp. 980; Bacon v. Heywood, 11 Misc. Rep. 7, 31 N. Y. Supp. 840. It is asserted, however, that, as the note was payable on demand, it was therefore not due at once; and as the consideration for the indorsement could only be founded upon the agreement to forbear and actual payment, and the note did not accomplish that purpose, there was failure of consideration. We do not think that this contention can be sustained. In Strong v. Sheffield, 144 N. Y. 392, 39 N. E. 330, it was said by the court, through Andrews, C. J.:

"There is no doubt that an agreement by the creditor to forbear the collection of a debt presently due is a good consideration for an absolute or conditional promise of a third person to pay the debt, or for any obligation he may assume in respect thereto. Nor is it essential that the creditor should bind himself at the time to forbear collection or to give time. If he is requested by his debtor to extend the time, and a third person undertakes, in consideration of forbearance being given, to become liable as surety or otherwise, and the creditor does in fact forbear in reliance upon the undertaking, although he enters into no enforceable agreement to do so, his acquiescence in the request, and an actual forbearance in consequence thereof for a reasonable time, furnish a good consideration for the collateral undertaking."

This rule applied to the facts of the present case shows that the plaintiff was requested by John C. Thom to extend the time for payment, that he acquiesced in such request, and actually forbore for a reasonable time. Upon the strength of this forbearance, and the agreement so to do, the defendant Julia indorsed the note. This case, therefore, comes squarely within the rule, and differs from the facts of the case cited, in that there there was no request to forbear, followed by forbearance in pursuance of the request, without promise upon the part of the creditor at the time. These elements are here found present. It does not follow, however, that the plaintiff showed himself entitled to recover upon the note. Upon the contrary, we think he failed in an essential part of his proof entitling him so to do. The indorsed note was a continuing security, as it was payable on demand, with interest. It therefore required an actual demand of payment, and, in the event of dishonor, notice of such fact, and of nonpayment, to the indorser. Merritt v. Todd, 23 N. Y. 28; Parker v. Stroud, 98 N. Y. 379. There is evidence from which the jury were authorized to find that a demand of payment of the note had been made by the plaintiff of the maker. Just when such demand was made, so as to put the maker in default, is not clear. We assume, however, that it was prior to April 11, 1894, when the defendant Julia sent her check for interest. It was not contended upon the trial that any notice of nonpayment or demand for payment was given or made upon the indorser. It was assumed that neither was in fact done. The averment of the complaint is

that the note was duly presented for payment, and payment duly demanded, which was refused, "of all of which the defendant Julia S. Thom thereafter duly waived notice." The plaintiff relied upon this waiver, and upon this theory the court submitted the case to the jury. It is well-settled law that when an indorser is apprised of the laches of the holder in failing to give the notice required by law, or, with knowledge of the facts, such indorser promises to pay the debt, he will be held liable upon such promise. Tebbetts v. Dowd, 23 Wend. 379; Brown v. Bank, 16 App. Div. 207, 44 N. Y. Supp. 645; Clark v. Tryon, 4 Misc. Rep. 63, 23 N. Y. Supp. 780; Daniel, Neg. Inst. §§ 1149, 1150, et seq.

It is to be observed that in all of these cases the court was speaking of notes payable at definite times, and not of one constituting a continuing security. While the rule would not be different as applied to such a note, yet the evidence from which will arise a waiver and promise to pay might fail in the latter where it would be held sufficient in the former. The indorser of a note which falls due at a specified time may well be held to know that, if such note is still in existence and unpaid, it is dishonored, because the time has passed for payment. Under such circumstances, payment by the indorser of a part, either of principal or interest, might well raise the implication that he intended to waive the failure to give him notice of the dishonor, and that he elected to pay the debt. But where there is no definite time of payment fixed in the instrument, and its date of payment depends upon the act of the holder, then mere payment of interest, disassociated from all other facts, may well be held not to raise the implication of waiver, as such payment would be perfectly consistent with a belief that the instrument was still a continuing security and had not been presented for payment. In the present case the evidence to establish waiver, and thereby promise to pay, is found in a letter, if found at all, written by the indorser, as follows:

"224 Clinton Street.

"Dear Dave: I am sorry to have given you the trouble of writing in regard to the interest, but I was under the impression it was due April 22nd instead of March. I see by my book, however, that I am mistaken, and inclose check at once.

"Yours, very truly,                          Julia S. Thom.
"April 11, 1894."

The letter of the plaintiff which produced this is not in the record nor are its contents given. It is fair to assume, however, that the response referred to all that was written upon the subject of the payment required. It says that she is sorry to have given the plaintiff trouble "in regard to the interest." There is not a suggestion that he has been given any trouble about the principal, or has demanded payment of anything else than interest, or that he had made demand for any other reason than that interest was due upon a continuing security in no sense dishonored. Clearly, the payment was made for interest due at a given date, as plaintiff insisted upon, and which she had mistaken. No one can read the letter, and reach any other conclusion, nor does it, standing alone, admit of any other interpretation. Certainly, if she supposed that she was simply pay-

ing interest upon this security, as had theretofore been paid at particular dates, no implication could arise that she had knowledge of the presentment for payment and failure to pay, and intended to bind herself to pay the whole debt by this payment. It would be quite easy, if such could be the result, to fasten liability upon a person relieved from obligation. All the holder would need to do would be to demand payment of interest after default, and, if the indorser paid, then charge him with liability for the whole debt upon the theory that, with knowledge of dishonor, which he never had in fact, he elected to waive it and pay the debt. We are cited to no authority holding such doctrine, and are unwilling to adopt it of ourselves. The burden of proof is upon the plaintiff to show clearly and distinctly the assumption of liability and promise to pay. Creamer v. Perry, 17 Pick. 332; Daniel, Neg. Inst. § 1162.

There is no other evidence in the case, other than we have noted, upon which can be based the assumption of liability and promise to pay. We think that it was insufficient upon which the court could submit, and the jury find, either waiver of notice or promise to pay. Newberry v. Trowbridge, 13 Mich. 264; Daniel, Neg. Inst. §§ 1165, 1166. This question was raised upon the motion for a nonsuit and upon the motion to dismiss made at the close of the proof. Both motions should have been granted.

The judgment should be reversed, and a new trial granted, costs to abide the event. All concur.