DAVID C. PORTER, Respondent, v. JULIA S. THOM, Appellant, Impleaded with JOHN C. THOM.

*Demand note — indorsement to secure the extension of the time of payment of a debt — enforcible although there is no binding agreement of extension — payment of interest after protest is not a waiver of notice of protest.*

Where a creditor is requested by his debtor to extend the time of payment of the debt, and a third person undertakes, in consideration of forbearance being shown to the debtor, to become liable as indorser upon a promissory note of the debtor payable on demand, with interest, and the creditor does, in fact, forbear collection of the obligation in reliance upon the undertaking of such indorser, although he enters into no enforcible agreement to do so, his acquiescence in the request, and actual forbearance in consequence thereof for a reasonable time, furnish a good consideration for the indorsement.

As such a note constitutes a continuing security, an actual demand of payment, and, in the event of dishonor, notice to the indorser of such fact and of non-payment are necessary in order to sustain an action thereon against him.

The mere payment of interest on the note, disassociated from all other facts, does not raise an implication of waiver of notice of non-payment of such note on a previous demand of payment.

APPEAL by the defendant, Julia S. Thom, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 7th day of May, 1897, upon the verdict of a jury, and also from an order entered in said clerk's office on the 5th day of June, 1897, denying the said defendant's motion for a new trial made upon the minutes.

*George G. Reynolds,* for the appellant.

*Albert G. McDonald,* for the respondent.

HATCH, J.:

The plaintiff, by this action, seeks to charge the defendant with liability, as indorser, upon a promissory note, which reads as follows:

"BROOKLYN, *September* 22d, 1890.

"On demand I promise to pay to the order of David C. Porter, eight hundred and fifty dollars with interest at the rate of 5 per cent. per annum for value recived.

"$850 00–100. JOHN C. THOM."

This note was given by the defendant John C. Thom, and indorsed by his wife Julia, to take the place of a demand note of the same amount made by John C. Thom. The negotiations which led to the indorsement of the note by Julia S. Thom were in writing and constituted the contract between the parties thereto. In the letter written by the plaintiff to Julia he recites the fact of the previous loan to John and states that when he made the loan, some fourteen months before, he did not anticipate that John would want it for over a year, "but as he wishes the loan extended * * * I have no objection to its continuance, provided he has his note indorsed by you, and if while in force he desires to reduce the amount by payment on account I am willing to accept the same." The defendant Julia, in answer to this letter, wrote "in regard to the note, I am perfectly willing to put my signature to it, as I have every confidence in Jack and his ability to pay it in the near future." The agreement was followed by the surrender of the old note and the acceptance of the new note, indorsed by Julia. Such surrender and acceptance was a sufficient consideration for the indorsement. (*Pratt* v. *Coman*, 37 N. Y. 440; *Hand* v. *Dinniny*, 85 Hun, 380; *Bacon* v. *Heywood*, 11 Misc. Rep. 7.) It is asserted, however, that as the note was payable on demand it was, therefore, due at once; and as the consideration for the indorsement could only be founded upon the agreement to forbear an actual payment, and the note did not accomplish that purpose, there was a failure of consideration. We do not think that this contention can be sustained. In *Strong* v. *Sheffield* (144 N. Y. 392) it was said by the court, through ANDREWS, Ch. J.: "There is no doubt that an agreement by the creditor to forbear the collection of a debt presently due is a good consideration for an absolute or conditional promise of a third person to pay the debt, or for any obligation he may assume in respect thereto. Nor is it essential that the creditor should bind himself at the time to forbear collection or to give time. If he is requested by his debtor to extend the time, and a third person undertakes, in consideration of forbearance being given, to become liable as surety, or otherwise, and the creditor does, in fact, forbear in reliance upon the undertaking, although he enters into no enforcible agreement to do so, his acquiescence in the request, and an actual forbearance in

consequence thereof for a reasonable time, furnishes a good consideration for the collateral undertaking."

This rule applied to the facts of the present case shows that the plaintiff was requested by John C. Thom to extend the time for payment; that he acquiesced in such request, and actually forbore for a reasonable time. Upon the strength of this forbearance and the agreement so to do, the defendant Julia indorsed the note. This case, therefore, comes squarely within the rule and differs from the facts of the case cited in that there there was no request to forbear, followed by forbearance, in pursuance of the request without promise upon the part of the creditor at the time. These elements are here found present. It does not follow, however, that the plaintiff showed himself entitled to recover upon the note. Upon the contrary, we think he failed in an essential part of his proof entitling him so to do. The indorsed note was a continuing security, as it was payable on demand, with interest. It, therefore, required an actual demand of payment, and, in the event of dishonor, notice of such fact, and of non-payment, to the indorser. (*Merritt* v. *Todd*, 23 N. Y. 28; *Parker* v. *Stroud*, 98 id. 379.) There is evidence from which the jury were authorized to find that a demand of payment of the note had been made by the plaintiff of the maker. Just when such demand was made, so as to put the maker in default, is not clear. We assume, however, that it was prior to April 11, 1894, when the defendant Julia sent her check for interest. It was not contended upon the trial that any notice of non-payment or demand for payment was given or made upon the indorser. It was assumed that neither was, in fact, done. The averment of the complaint is that the note was duly presented for payment, and payment duly demanded, which was refused, " of all which the defendant Julia S. Thom thereafter duly waived notice." The plaintiff relied upon this waiver, and upon this theory the court submitted the case to the jury. It is well-settled law that when an indorser is apprised of the *laches* of the holder in failing to give the notice required by law, or, with knowledge of the facts, such indorser promises to pay the debt, he will be held liable upon such promise. (*Tebbetts* v. *Dowd*, 23 Wend. 379; *Brown* v. *Mechanics & Traders' Bank*, 16 App. Div. 207; *Clark* v. *Tryon*, 4 Misc. Rep. 63; Daniel Neg. Inst. §§ 1149, 1150, *et seq.*)

It is to be observed that in all of these cases the court was speaking of notes payable at definite times, and not of one constituting a continuing security. While the rule would not be different as applied to such a note, yet the evidence from which will arise a waiver and promise to pay, might fail in the latter where it would be held sufficient in the former. The indorser of a note which falls due at a specified time may well be held to know that, if such a note is still in existence and unpaid, it is dishonored because the time has passed for payment. Under such circumstances, payment by the indorser of a part, either of principal or interest, might well raise the implication that he intended to waive the failure to give him notice of the dishonor and that he elected to pay the debt. But where there is no definite time of payment fixed in the instrument, and its date of payment depends upon the act of the holder, then mere payment of interest, disassociated from all other facts, may well be held not to raise the implication of waiver, as such payment would be perfectly consistent with a belief that the instrument was still a continuing security and had not been presented for payment. In the present case the evidence to establish waiver and thereby promise to pay is found in a letter, if found at all, written by the indorser, as follows :

" 224 CLINTON STREET.

" DEAR DAVE.— I am sorry to have given you the trouble of writing in regard to the interest, but I was under the impression it was due April 22nd instead of March. I see by my book, however, that I am mistaken and enclose check at once.

" Yours very truly,

" *April* 11, 1894. JULIA S. THOM."

The letter of the plaintiff which produced this reply is not in the record, nor are its contents given. It is fair to assume, however, that the response referred to all that was written upon the subject of the payment required. It says that she is sorry to have given the plaintiff trouble " in regard to the interest." There is not a suggestion that he has been given any trouble about the principal or has demanded payment of anything else than interest or that he had made demand for any other reason than that interest was due upon a continuing security in no sense dishonored. Clearly the payment was made for interest due at a given date, as plaintiff insisted upon,

which she had mistaken.  No one can read the letter and reach any other conclusion, nor does it, standing alone, admit of any other interpretation.  Certainly, if she supposed that she was simply paying interest upon this security as had theretofore been paid at particular dates, no implication could arise that she had knowledge of the presentment for payment and failure to pay, and intended to bind herself to pay the whole debt by this payment. It would be quite easy, if such could be the result, to fasten liability upon a person relieved from obligation.  All the holder would need to do would be to demand payment of interest after default, and, if the indorser paid, then charge him with liability for the whole debt upon the theory that, with knowledge of dishonor, which he never had in fact, he elected to waive it and pay the debt.  We are cited to no authority holding such doctrine, and are unwilling to adopt it of ourselves.  The burden of proof is upon the plaintiff to show clearly and distinctly the assumption of liability and promise to pay. (*Creamer* v. *Perry*, 17 Pick. 332; Daniel Neg. Inst. § 1162.)

There is no evidence in the case other than we have noted upon which can be based the assumption of liability and promise to pay.  We think that it was insufficient for the court to submit and the jury find either waiver of notice or promise to pay.  (*Newberry* v. *Trowbridge*, 13 Mich. 264; Daniel Neg. Inst. §§ 1165, 1166.)  This question was raised upon the motion for a nonsuit and upon the motion to dismiss made at the close of the proof.  Both motions should have been granted.

The judgment should be reversed and a new trial granted, costs to abide the event.

All concurred.

Judgment and order reversed and new trial granted, costs to abide the event.