(115 App. Div. 173)

### MUIR v. GREENE et al.

(Supreme Court, Appellate Division, First Department. October 19, 1906.)

1. MORTGAGES—CONSIDERATION.

Where a creditor, at the request of the debtor's wife, agreed to extend the time for payment of the indebtedness in consideration of the wife's giving a mortgage on her property to secure the debt, and there was in fact a long forbearance, though there was no agreement for forbearance for a definite time, there was a sufficient consideration for the mortgage.

[Ed. Note.—For cases in point, see vol. 35, Cent. Dig. Mortgages, § 37.]

2. SAME—MORTGAGE TO SECURE ADVANCES—FAILURE TO MAKE ADVANCES—EFFECT.

Where a wife gave a mortgage on her property in consideration of a forbearance by the husband's creditor and of future advances to be made by the mortgagee to the husband, the mortgagee's refusal to make further advances did not invalidate the mortgage.

Appeal from Special Term, New York County.

Action by Robert Muir against Harriette T. H. Greene and others. From a judgment in favor of plaintiff defendants appeal. Modified and affirmed.

Argued before O'BRIEN, P. J., and INGRAHAM, CLARKE, HOUGHTON, and SCOTT, JJ.

Thaddeus D. Kenneson, for appellants.

Bela D. Eisler, for respondent.

PER CURIAM. Brockway's agreement to extend Greene's time for the payment of his indebtedness, although not put in the form of an enforceable contract for a definite time, was in fact followed by long forbearance, and consequently, being made at Mrs. Greene's request, furnished sufficient consideration for the mortgage. Strong v. Sheffield, 144 N. Y. 392, 39 N. E. 330. Brockway's refusal to make further advances when requested did not serve to invalidate the mortgage. At most it could only have furnished a cause of action against him. We are unable to find any evidence, however, that Mrs. Greene ever consented that the $50 subsequently loaned should be included in the amount to be secured by the mortgage. Concededly this loan was not made as part of the future advances for which the mortgage was, in part, made, and neither party understood or intended, when this sum was loaned, that it was to be covered by the mortgage. The agreement to that effect was made afterwards by Greene and Brockway, and apparently Mrs. Greene neither knew of this nor assented to it.

The judgment must therefore be modified by deducting from the principal sum found due the sum of $50, with a corresponding reduction of interest and allowance, and, as so modified, must be affirmed, without costs.