EDWARD F. QUIRKE, Respondent, *v.* FIDELITY TRUST COMPANY OF NEW YORK, Appellant.

First Department, June 3, 1927.

Mortgages — action to cancel bond and mortgage — complaint alleges that plaintiff indorsed notes for corporation under agreement that defendant would refrain for reasonable time from taking steps against corporation and that defendant breached agreement — bond and mortgage was given in consideration of defendant's agreement to refrain from suing on indorsements — contention that bond and mortgage was without consideration, in that indorsements were not enforcible because defendant did not wait reasonable time before prosecuting corporation, cannot be sustained — sufficient consideration shown by agreement on part of defendant to cancel and surrender indorsements on execution and delivery of bond and mortgage — plaintiff made payments on bond and mortgage and cannot now rescind for failure of consideration — complaint is insufficient.

This is an action to cancel a bond and mortgage on the theory that it was given without any consideration. The complaint alleges that the plaintiff indorsed notes of a corporation in consideration of an agreement by the defendant to refrain for a reasonable time from proceeding against the corporation. The complaint also alleges that before the expiration of a reasonable time the defendant sold the property of the corporation without having made any demand for payment of the notes, and threatened to sue plaintiff on his indorsements for the deficiency. Plaintiff's contention that the bond and mortgage given at that time in consideration of an agreement by the defendant to cancel and surrender the indorsements, and not to sue the plaintiff, was without consideration, on the theory that the indorsements were unenforcible, in that the defendant had violated its agreement, cannot be sustained. There was a good consideration for the bond and mortgage, inasmuch as the defendant canceled and surrendered the indorsements on the execution and delivery of the bond and mortgage.

43

Furthermore, it appears from the complaint that the plaintiff made payments on the bond and mortgage, notwithstanding its claim of a breach of the agreement by the defendant. The plaintiff cannot now claim the right to rescind for failure of consideration. The complaint is dismissed for insufficiency.

APPEAL by the defendant, Fidelity Trust Company of New York, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 13th day of December, 1926, denying defendant's motion to dismiss the complaint on the grounds that it does not state facts sufficient to constitute a cause of action, that there is another action pending, and that there is a judgment determining the issues on the merits.

*Chester Rohrlich* of counsel [*Edgar M. Souza* with him on the brief; *Cook, Nathan & Lehman,* attorneys], for the appellant.

*Harry J. Ahlheim* of counsel [*Reeves & Todd,* attorneys], for the respondent.

MARTIN, J. The motion at Special Term was for an order dismissing the complaint, *first,* under rule 106 of the Rules of Civil Practice upon the ground that the complaint does not state facts sufficient to constitute a cause of action; *second,* under rule 107 upon the ground that there is another action pending between the same parties for the same cause; and *third,* under rule 107 upon the ground that there is an existing final judgment rendered on the merits determining the same cause of action between the parties. The defendant's motion was in all respects denied.

The action is to cancel a bond and mortgage. The complaint alleges in part that plaintiff was a stockholder in the Chemung Iron & Steel Company, Inc.; that it had notes with a bank, defendant's predecessor in this transaction; that they were secured by the steel company's property; that the bank was pressing for payment and threatened to sell the property, and that plaintiff indorsed the notes in consideration of an agreement to refrain for a reasonable time from demanding payment of, or taking any steps to enforce collection of, the notes, and of refraining from bringing about the sale of the property for a reasonable time, the steel company to be afforded exclusive opportunity during such a period to dispose of said property in order to liquidate the notes.

It is further alleged that, before the expiration of a reasonable time, the bank caused the property to be sold without having made any demand for payment of the notes; and that a part of the indebtedness remained unpaid, for which the bank threatened to sue plaintiff on his indorsements. The plaintiff proceeds to set forth that the bond and mortgage were given in consideration of

the bank's agreement to refrain from taking any steps or proceedings against him and the bank's further agreement to cancel and surrender the indorsements on the notes.

The judgment demanded is that the bond and mortgage be declared to have been given without consideration. This is on the theory that the indorsements were not enforcible when the bond and mortgage were made, for the reason that the bank did not wait a reasonable time after plaintiff indorsed the notes.

The argument in support of cancellation is to the effect that there was no consideration for the bond and mortgage because the indorsements were unenforcible, this being predicated on the assertion that the effect of the complaint is to allege that the consideration for the indorsements failed; but we are of the opinion that on the face of the complaint it appears that the bond and mortgage were given for a valuable consideration, inasmuch as it is alleged that the bank agreed to cancel and surrender the indorsements on execution and delivery of the bond and mortgage. This is an agreement on the part of the holder of the notes to put itself in a position where it could not sue on the indorsements.

In *Porter* v. *Thom* (30 App. Div. 363), in discussing forbearance to enforce the collection of an obligation, the court said: " The agreement was followed by the surrender of the old note and the acceptance of the new note, indorsed by Julia. Such surrender and acceptance was a sufficient consideration for the indorsement. (*Pratt* v. *Coman*, 37 N. Y. 440; *Hand* v. *Dinniny*, 85 Hun, 380; *Bacon* v. *Heywood*, 11 Misc. Rep. 7.) It is asserted, however, that as the note was payable on demand it was, therefore, due at once; and as the consideration for the indorsement could only be founded upon the agreement to forbear an actual payment, and the note did not accomplish that purpose, there was a failure of consideration. We do not think that this contention can be sustained. In *Strong* v. *Sheffield* (144 N. Y. 392) it was said by the court, through ANDREWS, Ch. J.: ' There is no doubt that an agreement by the creditor to forbear the collection of a debt presently due is a good consideration for an absolute or conditional promise of a third person to pay the debt, or for any obligation he may assume in respect thereto. Nor is it essential that the creditor should bind himself at the time to forbear collection or to give time. If he is requested by his debtor to extend the time, and a third person undertakes, in consideration of forbearance being given, to become liable as surety, or otherwise, and the creditor does, in fact, forbear in reliance upon the undertaking, although he enters into no enforcible agreement to do so, his acquiescence in the request, and an actual forbearance in con-

sequence thereof for a reasonable time, furnishes a good consideration for the collateral undertaking.' ''

It also appears from the complaint that the plaintiff paid on account of the bond and mortgage the sum of $1,459.26 and the further sum of $295.29. It is evident, therefore, that plaintiff made payments on the bond and mortgage despite the alleged breach of the bank's agreement to refrain from proceeding on the notes or from applying the security, it thus being shown by the complaint itself that plaintiff did not in due season rescind for failure of consideration.

As we deem the complaint to be insufficient, it is unnecessary to consider the other grounds on which the application is made.

The order should be reversed, with ten dollars costs and disbursements, and the motion to dismiss the complaint for insufficiency granted, with ten dollars costs.

DOWLING, P. J., MERRELL, O'MALLEY and PROSKAUER, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.