(53 Misc. Rep. 305)

## NILES–BEMENT–POND CO. v. URY.

(Supreme Court, Appellate Term. March 14, 1907.)

CONTRACTS—CONSIDERATION—FORBEARANCE.

After plaintiff sold machinery, the purchaser thereof transferred his business, property, and good will, including the goods sold by plaintiff, to a third person, who continued to conduct the business; and in answer to a letter from plaintiff, demanding payment, the assignee stated that it was necessary for him to ask plaintiff's indulgence for a time, when the matter of plaintiff's account would be taken up with him. Plaintiff forbore to bring any action for six months. *Held*, that the letter, under the circumstances, amounted to a request for a forbearance, and was an assumption of defendant's predecessor's indebtedness, upon acquiescence in its terms and forbearance being given, and defendant was liable for the amount of the account.

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by the Niles-Bement-Pond Company against Gustav Ury. From a judgment in favor of defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and DAVIS and HENDRICK, JJ.

Mullan, Cobb & Mitchel, for appellant.
Edgar Hirschberg, for respondent.

PER CURIAM. The stipulated facts show a sale of machinery by the plaintiff (appellant) to one Alfred A. Ury, doing business under the name and style of "Manhattan Gas Appliance Company," which

machinery was never paid for. Said Alfred A. Ury, after such indebtedness was incurred, transferred to the respondent the said business, property, and good will, including the goods sold by the plaintiff. Respondent then continued to conduct the business in the same place. After such transfer plaintiff wrote a letter, addressed to "Manhattan Gas Appliance Company," demanding payment, and received in reply the following letter:

"Gustav Ury,                                          Telephone, 2014 Spring.
        "Successor to
                "Manhattan Gas Appliance Company,
            "Manufacturers of Gas Lighting Appliances,
                "241-243 Center Street.
                                          "New York, Jan. 24, 1906.
    "Niles-Bement-Pond Co., 111 Broadway—Gentlemen: In reply to your letter of the 22d inst., beg to say that I have succeeded to the business of the above firm. The additional capital necessary to develop the business will be forthcoming, but, as matters are in a very mixed condition, it is necessary for me to ask your indulgence, until such a time when matters will be straightened out (which I hope will be soon), at which time the matter of your account will be taken up with you. My reputation in the business world is of the best, and I will furnish you any information you may desire. Appreciating any courtesy extended to me, I am,          Very truly,          Gustav Ury."

Plaintiff, relying on said letter alone, "forbore and has continued to forbear to sue Alfred A. Ury for the amount due." The sole question is whether, under the facts as stated above, said letter of respondent rendered him liable to plaintiff for the amount of the bill. The plaintiff's position is that the defendant promised to pay plaintiff a certain sum that was due plaintiff from a third person, to wit, defendant's predecessor in the business known as "Manhattan Gas Appliance Company." The consideration was the forbearance by the plaintiff to proceed against said third person. As was said in the case of Strong v. Sheffield, 144 N. Y. 392, 394, 39 N. E. 330:

    "There is no doubt that an agreement by the creditor to forbear the collection of a debt presently due is a good consideration for an absolute or conditional promise of a third person to pay the debt, or for any obligation he may assume in respect thereto. Nor is it essential that the creditor should bind himself at the time to forbear collection or to give time. If he is requested by his debtor to extend the time, and a third person undertakes, in consideration of forbearance being given, to become liable as surety or otherwise, and the creditor does in fact forbear in reliance upon the undertaking, although he enters into no enforceable agreement to do so, his acquiescence in the request, and an actual forbearance in consequence thereof for a reasonable time, furnishes a good consideration for the collateral undertaking. In other words, a request, followed by performance, is sufficient, and mutual promises at the time are not essential, unless it was the understanding that the promisor was not to be bound, except on condition that the other party entered into an immediate and reciprocal obligation to do the thing requested. * * * The only qualification to be made is that, in the absence of a specified time, a reasonable time is held to be intended."

The duration of the forbearance in the case at bar did not depend upon the pleasure of the plaintiff, but did depend upon that of the defendant. To take advantage of defendant's letter of January 24, 1906, it was incumbent upon plaintiff to wait a reasonable time for defendant to get his affairs "straightened out," to use his own phrase.

Plaintiff did wait a reasonable time, to wit, over six months. It is true that in the case at bar the request for forbearance did not come from the original debtor; but we do not think it of vital importance who makes the request, whether debtor or third party, when the creditor furnishes the consideration by his act of forbearance, and the promisor profits thereby. In the case at bar, appellant did acquiesce and forbear for a period of more than half a year, believing that respondent had actually bound himself to assume the indebtedness in the stead of his predecessor in the business, Alfred A. Ury. The defendant has, provided his letter evinces an intent to pay if indulgence be given, brought himself within the rule of Strong v. Sheffield, supra.

We are inclined to the opinion that the respondent's letter to appellant, viewed in the light of the circumstances that accompanied its making, is a request for forbearance, and was intended as an assumption of his predecessor's indebtedness upon acquiescence in its terms and forbearance being given. Forbearance is asked for in express terms. The agreed facts show that respondent was successor to the entire business of the debtor, including its good will and the machinery sold by plaintiff to Alfred A. Ury, the purchase price of which is the subject of this action. He replies to plaintiff's letter concerning a matter which according to defendant's theory, should have been replied to by his predecessor, Alfred A. Ury. He asks plaintiff's indulgence, evidently for himself, and not for his brother. He says that the matter of plaintiff's "account will be taken up" with it; the inference being that he (defendant) will take it up, since he is writing for himself, and not for Alfred A. Ury, the original debtor. He refers to his own reputation in the business world. What has his reputation to do with it, if he did not consider he was assuming the debt? He ends, "Appreciating any courtesy you will extend to me," not to his brother Alfred. If he were not bound to pay, how would an extension to Alfred A. Ury be of value to the defendant? Language must be interpreted in the sense in which the promisor knew or had reason to know that the promisee understood it. Gillet v. Bank of America, 160 N. Y. 549, 555, 55 N. E. 292; Tracy v. Bank, 48 App. Div. 285, 288, 62 N. Y. Supp. 657; Maloney v. Iroquois Brewing Co., 173 N. Y. 303, 310, 66 N. E. 19. If the view can be taken that the language of the letter in question is in any wise ambiguous, any doubt should be resolved in plaintiff's favor.

As pointed out by appellant, in cases nearly related to that at bar, namely, cases of guaranty, the question has often arisen as to whether a person meant to bind himself in a certain way, and where a person, acting in good faith, has been misled to his injury, the guarantor has been held to account. Gates v. McKee, 13 N. Y. 235, 64 Am. Dec. 545. In the case at bar appellant put full trust in respondent, forbore proceeding against another, and is now met by attempted evasion of liability. The objects which the parties had in view should be taken into consideration as well as the condition of the parties. Solomon Tobacco Co. v. Cohen, 95 App. Div. 297, 88 N. Y. Supp. 641. It cannot be successfully maintained that there was an absence of any personal interest on his part in requesting appellant to forbear. The defendant had the said machinery, and, further, having succeeded to

as apparently going business, would naturally be anxious to make it a success, and he must have been desirous of avoiding the entry of judgments against the business, which would tend to injure his credit, as a judgment against his predecessor, Alfred A. Ury, doing business as "Manhattan Gas Appliance Company," would presumably have that tendency. We think the judgment should be reversed.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.