(78 Misc. Rep. 355.)

## JAMISON-SEMPLE CO. v. RICHARD.

(Supreme Court, Appellate Term, First Department.   December 6, 1912.)

NOVATION (§ 8*)—CONSIDERATION—PROMISE.

Where a son, who had purchased his father's business, agreed to pay a debt of his father, if the creditor would give time, and the creditor extended the time, both as to him and his father, the extension was sufficient consideration to support the promise, and work a complete novation.

[Ed. Note.—For other cases, see Novation, Cent. Dig. § 8; Dec. Dig. § 8.*]

Hotchkiss, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by the Jamison-Semple Company against Harry A. Richard. From a judgment for plaintiff, defendant appeals.   Affirmed.

Argued November term, 1912, before LEHMAN, PAGE, and HOTCHKISS, JJ.

Pinks & Steckler (James Leslie Pinks, of New York City, of counsel), for appellant.

Olcott, Mestre & Gonzalez, of New York City (F. Granville Munson, of New York City, of counsel), for respondent.

LEHMAN, J.   I think that the evidence of consideration is amply sufficient to sustain the judgment.   The plaintiff, according to the testimony produced in its behalf, had a claim against defendant's father.   Defendant had bought his father's business.   Plaintiff presented its account at the father's place of business.   The defendant then stated in effect that he owned the business, but did not owe the bill; nevertheless, he promised to pay the bill if he were given time.   Plaintiff did give defendant time, and, though he made some payments on account, he has failed and refused to pay the balance. If this testimony is true, then in my opinion the plaintiff has proven a new and original promise to pay the account presented, based on a valid consideration moving to the defendant.

It is urged that there was no consideration, because the only debt in existence was the debt due from defendant's father; that the forbearance promised was forbearance to defendant; and that, since no liability was shown to exist as against the defendant, a promise not to sue him was absolutely of no effect.   In my opinion, this argument is based upon a misunderstanding of plaintiff's cause of action and proof.   Neither the complaint nor the testimony sets forth any promise to forbear suing the defendant or the defendant's father.   The complaint sets forth a promise by the defendant to pay his father's debt in consideration of actual forbearance.   There is no dispute that the plaintiff has, in fact, forborne to sue either defendant or his father, and the sole question, therefore, on this branch of the case, was whether this forbearance was given in return for the defendant's promise to pay.   This promise was upon a condition "if

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

we give him time." That condition, it seems to us, necessarily implied that the plaintiff must forbear to sue the defendant's father, as well as himself. The promise was, in effect, an offer to assume the father's debt, if the defendant were given a reasonable time to pay it. It was made after a distinct disavowal of any original liability, and was evidently made to avoid a lawsuit against the father. The assumption of the debt would take place only after the condition was complied with, and involved the existence of the debt at the time when the assumption became complete.

It follows, therefore, that the condition could only be fulfilled if the plaintiff had not, in the meantime, enforced the debt against the father, and had given the defendant time to pay the father's debt. I think that the facts in this case establish a valid consideration for the promise, even more clearly than the facts stated in the opinion of Niles-Bement-Pond Co. v. Ury, 53 Misc. Rep. 305, 103 N. Y. Supp. 226.

The judgment should be affirmed, with costs.

PAGE, J., concurs.  HOTCHKISS, J., dissents.