PATRICK J. F. GALLAGHER, Plaintiff, *v.* LEON QUICK, Defendant.

(County Court, Ulster County, March, 1913.)

Contracts — with corporation — action against president and general manager of corporation — work, labor and services.

> Where, after plaintiff had voluntarily left his employment with a corporation, defendant, its president and general manager, in answer to a letter from plaintiff demanding payment of certain wages, stated in his reply " I do not dispute your claim and will pay you," defendant, in an action brought against him on the original contract of employment, is entitled to judgment.
>
> Jamison, Semple Co. v. Richard, 78 Misc. Rep. 355, distinguished.

THIS is an action brought by the plaintiff against the defendant for work, labor and services alleged in the complaint to have been performed by the plaintiff for the defendant and at his request. The answer is a general denial. After issue had been joined and the case was ready for trial, a statement of facts was agreed upon and submitted to the court.

Arthur E. Rose, for plaintiff.

A. D. & A. W. Lent, for defendant.

JENKINS, J. From the admitted facts it appears that on or about the 1st day of May, 1907, the plaintiff was em-

ployed as a printer in the office of the Marlborough *Record*, a newspaper published in the town of Marlborough, Ulster county, N. Y.; that he was engaged by one Nulnix who was then the manager of said paper, and who was employed by the Southern Ulster Printing and Publishing Company, a domestic corporation having its principal office for the transaction of business at Highland, Ulster county, N. Y., and that said Southern Ulster Printing and Publishing Company was the owner of the said Marlborough *Record* at the time the plaintiff was employed through Nulnix.

The plaintiff worked as a printer upon the said Marlborough *Record* under the employment of the said Southern Ulster Printing and Publishing Company, from May 7, 1907, until May 24, 1909, when he voluntarily left the employ of the said company; that at such time the wages due to said plaintiff from said Southern Ulster Printing and Publishing Company for services rendered between May 7, 1907, and May 24, 1909, amounted to $142; that the defendant became president and general manager of the said Southern Ulster Printing and Publishing Company in October, 1907, and has acted in such capacity ever since; that prior to the commencement of this action plaintiff wrote to the defendant asking payment of the wages due him and defendant answered as follows:

"*June* 24, 1909.

"MR. P. J. F. GALLAGHER:

"DEAR SIR.— I am in receipt of your letter and in reply would say inasmuch as you were working in the Record office since some time in April against my instructions and without my consent, I believe that it is up to you to wait a day or so for your pay. I do not dispute your claim and will pay you, but under the circumstances, it is fair to allow me to look matters over thoroughly first.

"Truly,
"L. J. QUICK."

The plaintiff brought his action upon the contract made with the Southern Ulster Printing and Publishing Company through its manager, Nulnix, about May 1, 1907.

There is no proof whatever that Nulnix was acting for Quick or that he was Quick's agent. On the other hand, it is admitted that he was acting for the Southern Ulster Printing and Publishing Company. The action is brought upon the contract between the plaintiff and the Southern Ulster Printing and Publishing Company. The plaintiff contends that the defendant made himself liable by the letter heretofore quoted of June 24, 1909, upon the principle that forbearance on the part of a creditor to press his claim against his debtor is a valuable consideration to support a promise to pay the debt.

No such promise upon the part of the defendant supported by any consideration appears in the statement of facts. The pleadings determine the nature of the cause of action. The cause of action here is for work, labor and services performed by the plaintiff for the defendant.

There does not appear to have been any contractual relations whatever between the plaintiff and the defendant. The contract was between the plaintiff and the Southern Ulster Printing and Publishing Company. The plaintiff cites Jamison, Semple Co. v. Richard, 78 Misc. Rep. 355, as an authority that the defendant was bound by the letter written to the plaintiff June 24, 1909.

That case is distinguishable from this case in that there were two distinct contracts in the Jamison case; one between the plaintiff and the defendant's father and a second between the plaintiff and defendant, by which the defendant agreed to pay the debt of his father, providing he was given time. The action was brought upon the second contract. This action is brought upon the original contract between the plaintiff and the Southern Ulster Printing and Publishing Company. Neither does there appear to be consideration for the promise made by defendant, in the letter from defendant to plaintiff, June 24, 1909. Probably when the defendant wrote that letter he was acting for the corporation of which he was president; but there was no consideration for the promise therein contained, if such promise may be construed to have been made by Quick individually, but it seems Quick was acting for the corporation in writing the

letter and the letter contained promises of the corporation and not of Quick, individually.

Judgment may be entered for the defendant upon a decision according to the above opinion.

Judgment accordingly.